**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARTHUR BOMAR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRAUNLICH (LIEUTENANT AT SCI- )<br>GREENE), *et al*., )<br>)<br>Defendants. ) | Civil Action No. 17-1035<br>Senior Judge Nora Barry Fischer |

## MEMORANDUM ORDER

The above-captioned case was initiated in the Commonwealth Court of Pennsylvania when *pro se* Plaintiff Arthur Bomar ("Plaintiff") filed a "Petition for Review" on July 24, 2017. The matter was removed to the United States District Court for the Western District of Pennsylvania, (Docket No. 1), and referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court.

After a lengthy procedural history, wherein Plaintiff was given numerous opportunities to obtain counsel and/or amend his claims given his status as a *pro se* litigant, he filed his Second Amended Complaint on December 7, 2020. (Docket No. 116). Plaintiff's Second Amended Complaint identified, for the first time, a number of medical providers who had previously been sued as John Joe and/or Jane Doe, including Dr. Denise Smyth, P.A. Lori Ridings, and P.A. Natalie Austin. Defendants Smyth, Ridings, and Austin filed a Motion to Dismiss Plaintiff's Complaint or in the Alternative for Summary Judgment and Brief in Support on March 22, 2021, asserting that Plaintiff has failed to exhaust his administrative remedies against them. (Docket Nos. 135; 136). Plaintiff filed a Reply on May 4, 2021. (Docket No. 139). Thereafter, on August

19, 2021, the Magistrate Judge issued a Report recommending that the Motion to Dismiss[1] be granted as to Defendants Smyth, Ridings, and Austin, as Plaintiff had not exhausted his administrative remedies against these named defendants. (Docket No. 142). Plaintiff filed Objections to the Report and Recommendation on October 4, 2021. (Docket No. 145). Defendants Smyth, Ridings, and Austin responded to Plaintiff's objections on October 11, 2021. (Docket No. 147).

After *de novo* review of the pleadings and documents in this case, the allegations in Plaintiff's Second Amended Complaint, Defendants' Motion to Dismiss and the briefing thereon, together with the Report and Recommendation, Plaintiff's Objections thereto, and the Response by Defendants Smyth, Ridings, and Austin, the following order is entered:

AND NOW, this 14th day of October, 2021:

IT IS HEREBY ORDERED that the Report and Recommendation [142] dated August 19, 2021 is ADOPTED, in part, as the Opinion of the Court, and the Court adopts the Report and Recommendation's discussion of the administrative exhaustion arguments raised by Defendants Smyth, Ridings, and Austin in their Motion to Dismiss;

IT IS FURTHER ORDERED that the Motion to Dismiss [135] filed by Defendants Smyth, Ridings, and Austin is GRANTED. Plaintiff's claims against these defendants for denial of medical care/deliberate indifference are DISMISSED, with prejudice, due to Plaintiff's failure to exhaust his administrative remedies relating to these claims and the Court finds that amendment of these claims would be futile;

---

[1] Notably, the Report and Recommendation dated August 19, 2021 also addresses the Motion to Dismiss filed by various Corrections Defendants. (Docket No. 133). The two motions to dismiss raise distinct legal issues concerning two separate groups of defendants. This Order addresses

FINALLY, the Court notes that it reserves its decision on the Corrections Defendants' Motion to Dismiss, (Docket No. 133), which is also the subject of the August 19, 2021 Report and Recommendation, until a later date. A separate Order of Court addressing that motion will be issued in due course.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc:   ARTHUR BOMAR
      Inmate # DK-1677
      SCI-Phoenix
      1200 Mokychic Drive
      Collegeville, PA 19426
      (via first class mail)

---

only the Motion to Dismiss filed by Defendants Smyth, Ridings, and Austin.

3