# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR BOMAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1035 |
| | ) | Senior Judge Nora Barry Fischer |
| BRAUNLICH (LIEUTENANT AT SCI-GREENE), *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

The above-captioned case was initiated in the Commonwealth Court of Pennsylvania by *pro se* Plaintiff Arthur Bomar ("Plaintiff") on July 24, 2017. (Docket No. 1-2). The matter was removed to the United States District Court for the Western District of Pennsylvania, (Docket No. 1), and referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court.

Following the dismissal of all of his original claims except one excessive force claim against Defendant Braunlich ("Braunlich"), Plaintiff was given leave to amend his Complaint. (Docket No. 42). His First Amended Complaint was filed on June 20, 2019 and included claims against twenty-seven total John/Jane Doe defendants, consisting of corrections officers and medical staff at SCI Greene, SCI Camp Hill, and SCI Graterford. (Docket No. 64). Plaintiff was provided with discovery materials to aid in identifying the Doe defendants, and was granted leave to further amend his complaint to identify these individuals as named defendants. (*See*

Docket Nos. 87; 102; 106; 113; 115). Plaintiff's Second Amended Complaint was filed on December 7, 2020. (Docket No. 116).

In response to the Second Amended Complaint, two Motions to Dismiss were filed.[1] (Docket Nos. 133; 135). Relevant here, the Corrections Defendants[2] argued that Plaintiff's claims for excessive force and deliberate indifference against them failed to state claims upon which relief may be granted and were otherwise barred by the 2-year statute of limitations because such claims did not relate back to the original pleading. The motions to dismiss were fully briefed, and thereafter the Magistrate Judge issued a report recommending that all claims except those for excessive force against Braunlich and deliberate indifference against Defendant Tate ("Tate") should be dismissed for failure to state a claim. (Docket No. 142). While Braunlich was named as a defendant at the outset and the statute of limitations was therefore not an issue, the Magistrate Judge continued to analyze the claim against Tate and held that the claims against her related back to the original pleading. Plaintiff filed Objections to the Report and Recommendation ("R&R") on October 4, 2021, (Docket No. 145), and the Corrections Defendants filed a Brief in Opposition to these objections on October 12, 2021. (Docket No. 148). The Court considers this matter to be fully briefed and ripe for disposition.

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R to which objections have been properly lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §

---

[1]     This Court has previously adopted the R&R as it relates to the Motion to Dismiss, (Docket No. 135), raised by Defendants Smyth, Ridings, and Austin and dismissed the claims against those defendants. (Docket No 149).

[2]     The Corrections Defendants include registered nurses Tate, Dice, and Booker; Corrections Officers Cody, Martin, Hicks, Lewis, McCune, Gump, Feather, Mills, Shallenberger, Standard, Sickles, Jenkins, Mason, McGee, Mayer, Brant, Orbash, Henderson, and McAnany; Captain Switzer; Lieutenant Proce; and Lieutenant Braunlich.

636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *Id.* Upon careful *de novo* review of the filings in this case, including the Second Amended Complaint, the Motion to Dismiss and briefing thereon, the R&R, Plaintiff's Objections, and the Defendants' brief in opposition thereto, the Court concludes that the Objections do not undermine the R&R's recommended disposition. Accordingly, the Court enters the following Order:

AND NOW, this 3rd day of December, 2021:

IT IS HEREBY ORDERED that Plaintiff's Objections to the Report and Recommendation [145] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation [142] dated August 19, 2021 is ADOPTED in its entirety as the Opinion of the Court.

The Court writes briefly to add that to the extent that Plaintiff now seeks to raise distinct excessive force claims against two of the Corrections Defendants, i.e., Martin and Henderson, for allegedly conducting a strip search of him and having him put his chemical-soaked clothing back on prior to the transport, (*See* Docket Nos. 116 at ¶¶ 50-55; 145 at ¶¶ 9-10), he failed to plead specific facts relating to these events in either his original Complaint or his First Amended Complaint. (*See* Docket Nos. 1-2; 64). Because the operative facts surrounding the strip search were not contained in Plaintiff's previous pleadings, these newly-alleged claims against Martin and Henderson are not entitled to the benefit of the earlier filing date under the relation-back requirements of Federal Rule of Civil Procedure 15(c)(1), and the applicable two-year Statute of Limitations bars him from raising said claims for the first time nearly five years after the incident in question. 42 Pa.C.S. § 5524; *see Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir.

2003) (establishing the applicable statute of limitations for §1983 claims is the two-year period which applies to personal injury claims under state law).  Hence, any such claims are also subject to dismissal for this reason.

IT IS FURTHER ORDERED that the Motion to Dismiss [133] is GRANTED, in part, and DENIED, in part, as follows: the motion is denied as to the excessive force claim against Braunlich and the deliberate indifference claim against Tate, but granted as to all other claims. Hence, all of Plaintiff's claims except those against Braunlich and Tate are DISMISSED.

Additionally, the dismissed claims are dismissed with prejudice. The Court recognizes that the Court of Appeals has held in civil rights cases that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002). "Leave to amend may be denied for futility if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 841 (3d Cir. 2014) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) and citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

Here, Plaintiff was granted leave to amend on two prior occasions and has been afforded numerous deadline extensions from May of 2018 until December of 2020, as well as discovery materials to aid in preparing his amended pleadings. (See Docket Nos. 42; 44; 47; 53; 74; 87; 97; 102; 106; 113; 115). Despite filing two amended complaints, Plaintiff has still failed to plead sufficient facts which give rise to a plausible cause of action against any individual other than Braunlich and Tate.  Moreover, any new claims Plaintiff might raise in an amended pleading

4

would be barred by the applicable statute of limitations to the extent that they do not relate back to his timely first Complaint. *See* Fed. R. Civ. P. 15(c)(1); 42 Pa.C.S. § 5524. Thus, the Court finds, consistent with the R&R and its earlier ruling, (Docket No. 113), that further amendment would be futile. *See, e.g., Riboldi v. Warren Cty. Dep't of Hum. Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 47 (3d Cir. 2019) ("Because these allegations are deficient and [Plaintiff] has already had two chances to amend his claims, we see no reason to disturb the District Court's conclusion that granting him further leave to amend would be futile."); and,

FINALLY, IT IS ORDERED that this matter is referred back to U.S. Magistrate Judge Lisa Pupo Lenihan for any remaining pretrial proceedings.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: All counsel of record.
U.S. Magistrate Judge Lisa Pupo Lenihan

cc: ARTHUR BOMAR
Inmate # DK-1677
SCI-Phoenix
1200 Mokychic Drive
Collegeville, PA 19426
(via first class mail)

5