IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR BOMAR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 17-1035 |
| | ) Senior Judge Nora Barry Fischer |
| BRAUNLICH (LIEUTENANT AT SCI GREENE), TATE, RN, | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER OF COURT</u>**

AND NOW, this 21st day of December, 2022, upon consideration of Magistrate Judge Lisa Pupo Lenihan's Report and Recommendation, (Docket No. [187]), which was filed on September 27, 2022 and recommends that the Motion for Summary Judgment filed by Defendants Braunlich and Tate ("Defendants"), (Docket No. [162]), be granted as to the remaining claims in Plaintiff Arthur Bomar's Second Amended Complaint and that summary judgment be entered against Plaintiff and in favor of Defendant Braunlich on Plaintiff's excessive force claim and that summary judgment be entered against Plaintiff and in favor of Defendants Braunlich and Tate on Plaintiff's deliberate medical indifference claims, Plaintiff's October 18, 2022 Objections to Magistrate Judge Lenihan's Report and Recommendation, (Docket No. [188]), Defendants' Brief in Opposition to those objections, (Docket No. [190]), Plaintiff's Reply submitted on November 22, 2022, (Docket No. [192]), Defendants' Sur-Reply filed on December 6, 2022, (Docket No. [194]), and after an independent, *de novo* review of the

record in light of Magistrate Judge Lenihan's Report and Recommendation of September 27, 2022,

IT IS HEREBY ORDERED that Plaintiff's Objections (Docket No. [188]) are OVERRULED as the Court finds that Plaintiff has not presented sufficient evidence to raise a genuine dispute of material fact in furtherance of his excessive force claim against Defendant Braunlich and his deliberate indifference claims against Defendants Braunlich and Tate, and has not cited any authority nor presented any material additional evidence in support of his Objections to persuade the Court that Magistrate Judge Lenihan's Report and Recommendation should not be adopted.

The Court briefly addresses two of Plaintiff's Objections.  First, Plaintiff's argument that any force used against him was excessive because the search warrant necessitating his transfer to SCI-Graterford was not signed until after the cell extraction on December 19, 2016 is overruled. (*See* Docket Nos. 188; 192). To that end, although the search warrant appears to have been signed after the planned use of force, Plaintiff's transfer was authorized by a Court Order from the Montgomery County Court of Common Pleas dated three days before the cell extraction, i.e., December 16, 2016, which both parties have attached as an exhibit to their briefing. (*See* Docket Nos. 165-1; 188-3). Hence, there is no genuine dispute of material fact that the transfer was authorized by a valid court order and Plaintiff's refusal to comply with directives by staff at SCI-Greene necessitated the challenged cell extraction.  (Docket No. 187 at 2-3).

Second, as to Plaintiff's objections to the Magistrate Judge's consideration of the video evidence, Third Circuit jurisprudence clearly allows Courts to review video evidence when deciding whether any genuine disputes of material fact exist for the purposes of a motion for summary judgment. *See, e.g., McDowell v. Sheerer*, 374 F.App'x 288, 291-92 (3d. Cir. 2010)

(quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that a Court must view facts in the light depicted by video evidence where there are no allegations that the footage has been doctored or altered in any way)). Accordingly, this Court has also carefully reviewed the video evidence of Plaintiff's removal from his cell at SCI Graterford on December 19, 2016 via Department of Corrections officials' planned use of force in light of his claims of excessive force and deliberate indifference to medical needs. (Def. Ex. 6).

In this Court's estimation, Magistrate Judge Lenihan accurately summarized the video evidence in her Report and Recommendation and properly concluded that the video "blatantly contradicts Plaintiff's version of the events so that no reasonable factfinder could believe him" as to his excessive force and deliberate medical indifference claims in this case. (Docket No. 187). The video does not support Plaintiff's claims that the officers used unnecessary force during the extraction, nor that he was denied proper medical care following the use of OC spray during the planned use of force. (Def. Ex. 6). To the contrary, the video shows that medical personnel decontaminated Plaintiff with eye wash and examined him, and that he was provided a fresh jumpsuit following a strip search. (*Id.*).

All told, the video does not show any improper actions directed towards the Plaintiff, and instead depicts a methodical extraction process during which all of the corrections officers appear to have behaved professionally. In light of the same, this Court agrees with Magistrate Judge Lenihan's conclusion that Plaintiff has failed to meet his burden to provide sufficient evidence to raise a genuine dispute of material fact in support of his claims for excessive force or deliberate indifference against Braunlich and Tate.

Overall, the Court finds that summary judgment is properly entered in favor of the remaining Defendants;

IT IS FURTHER ORDERED that the Report and Recommendation of September 27, 2022 (Docket No. [187]) is ADOPTED as the Opinion of the Court;

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (Docket No. [162]) is GRANTED as to the remaining claims in Plaintiff's Second Amended Complaint (Docket No. [116]) against Defendants Braunlich and Tate; and,

FINALLY, an appropriate Judgment follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:  U.S. Magistrate Lisa Pupo Lenihan
         All counsel of record

cc:      ARTHUR BOMAR
         Inmate # DK-1677
         SCI-Phoenix
         1200 Mokychic Drive
         Collegeville, PA 19426
         (via first class mail)